us District Court

# MOTION FOR RECONSIDERATION OF DISMISSAL, TO VACATE FINAL ORDER, AND FOR RELIEF FROM FAILURE TO PROSECUTE

Appellant Michelle D. Lee, pro se, respectfully moves this Court to reconsider and vacate the dismissal entered on April 10, 2026, and to grant relief from the dismissal for failure to prosecute. This Motion is based on the following grounds:

1. material issues in the case remain unresolved, including issues involving a minor, trustee authority and abandonment, successor status, a new declaration, and subrogation; and
2. Appellant suffered a serious medical fall and concussion, which prevented timely compliance with the Court's deadlines.
3. Docket number # __25 - CV - 04142__     nyws

In support of this Motion, Appellant states as follows:

## I. RELIEF REQUESTED

Appellant respectfully requests that the Court:
1. Reconsider the dismissal entered on April 10, 2026;
2. Vacate the dismissal for failure to prosecute;
3. Allow Appellant additional time to file the required brief, appendix, and mootness memorandum;
4. Consider the medical emergency and related incapacity that prevented timely filing;
5. Reopen or reinstate the appeal so the unresolved issues may be addressed; and
6. Grant any other relief the Court deems just and proper.

## II. FACTUAL BACKGROUND

1. The Court dismissed this appeal for failure to prosecute after deadlines passed without filing.
2. Appellant was unable to comply with the deadlines because she suffered a major medical fall and concussion.
3. The injury caused serious physical and cognitive impairment and interfered with Appellant's ability to prepare and file the required papers in a timely manner.
4. In addition, the appeal involves unresolved issues that should be addressed before any final disposition, including:
   issues involving a minor;
   trustee authority and/or abandonment;

the acceptance or recognition of a new successor;
a new declaration; and
unresolved subrogation issues.

---

# III. ARGUMENT

## A. The dismissal should be reconsidered because Appellant had good cause for missing the deadlines.

Courts may reconsider or set aside a dismissal when a party shows excusable neglect, good cause, or extraordinary circumstances.

Here, the Appellant did not ignore the Court's orders. Appellant's failure to timely file was caused by a serious medical emergency involving a fall and concussion. That injury prevented Appellant from properly preparing filings, meeting deadlines, and responding as required.

Because the missed deadlines were caused by a medical emergency rather than willful disregard, the dismissal should be reconsidered and vacated.

## B. A concussion and serious fall are legitimate reasons for relief from a dismissal for failure to prosecute.

A concussion can cause confusion, memory loss, headaches, dizziness, slowed thinking, and difficulty concentrating. Those symptoms can directly interfere with a litigant's ability to understand court deadlines and prepare legal filings.

Where a party provides a reasonable explanation supported by medical evidence, the Court should consider whether the failure to prosecute was due to excusable neglect or incapacity rather than abandonment of the case.

## C. The underlying judgment should not stand because material issues remain unresolved.

This matter also includes unresolved legal issues affecting the final disposition, including:

the interests of a minor,
trustee authority and abandonment,
the status of a new successor,
the effect of a new declaration, and
subrogation rights.

These issues go directly to standing, party authority, and the validity of final relief. Until they are resolved, dismissal of the appeal leaves unresolved legal questions that should be addressed on the merits.

**D. Justice requires that Appellant be given an opportunity to cure the deficiency.**

The Court's prior order stated that the dismissal was subject to the right to cure within the rehearing period. Appellant is now requesting that the Court allow that cure in light of the medical emergency and the unresolved issues in the case.

Denying relief under these circumstances would be unfair, especially where the failure to timely file was caused by a documented medical condition.

# IV. CONCLUSION

For the foregoing reasons, Appellant respectfully requests that the Court reconsider and vacate the dismissal entered on April 10, 2026, reinstate the appeal, and grant Appellant additional time to file the required materials.

Respectfully submitted,

Dated: [insert date]      4-14-26

# CERTIFICATE OF SERVICE

I certify that on ___4-14-26___ I served a true and correct copy of the foregoing Motion for Reconsideration of Dismissal, to Vacate Final Order, and for Relief from Failure to Prosecute on all parties of record by U.S. Postage paid .

Michelle D. Lee

BELLCO CREDIT UNION C/O
APRIL L. BERRY JANEWAY LAW
FIRM, P.C. 9540 MAROON CIRCLE
STE. 320 ENGLEWOOD, CO
80112